IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JORGE SANTIAGO-AGUILERA, :
                           :
        Plaintiff,        :
                           :
     v.               :      Civ. No. 15-1076-RGA
                           :
STATE OF DELAWARE    :
DEPARTMENT OF LABOR,  :
et al.,                :
                           :
        Defendants.   :

---

Jorge Santiago-Aguilera, New Castle, Delaware, Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


February 5, 2016
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jorge Santiago-Aguilera filed this action seeking compensation as a result of a work related injury. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff was employed by Defendant Davis Young Associates, Inc., a business in Montchanin, Delaware. Plaintiff alleges that he sustained a work related injury on July 23, 2013, in Chadds Ford, Pennsylvania. Davis Young provided medical treatment through its insurer, Defendant Harleysville Insurance Company, an insurance company in Harleysville, Pennsylvania. Plaintiff has not received payments for lost wages for over twenty months and, on October 28, 2014, for unknown reasons, Harleysville Insurance suspended Plaintiff's medical treatment. While not clear, it appears that Plaintiff's employment was terminated. Plaintiff alleges that he was represented by counsel, but his attorney "never solicit[ed] [] benefits." (D.I. 2).

Plaintiff notified Defendant Delaware Department of Labor Industrial Affairs regarding his dismissal, job discrimination, compensation, and benefits. Plaintiff notices inconsistencies in his case (apparently a worker's compensation case) and would like to "expose" his claim with more details to a judge in this court. Plaintiff seeks all benefits, including medical care, temporary disability payments, compensation for permanent disability, and monetary damages for emotional harm.[1]

---

[1]Plaintiff alleges job discrimination in a conclusory manner with no supporting facts. Nor is there any indication Plaintiff filed a charge of discrimination or received a notice of suit rights prior to filing this lawsuit. In light of the damages sought by Plaintiff, it does not appear that he seeks to raise an employment discrimination claim.

The Complaint indicates that the basis for jurisdiction is the U.S. Government as a Defendant. (*Id.* at 3). However, in viewing the allegations of the Complaint, it is clear that Defendants do not include the United States, a federal official, or a federal agency. Further, the Court perceives no basis for federal jurisdiction.

Under Delaware law, the general rule is that the workers' compensation administrative process is the exclusive remedy for an employee who has a work-related accident causing personal injury or death. *See* 19 Del. C. § 2304. "[C]laims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims." *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del. 2000); *see also Showell v. Langston*, 2003 WL 1387142, at *3 (Del. Super. 2003) (citing *Rafferty*). The complaint contains no allegations of an intentional injury. Nor are there facts alleging a "deliberate intent to bring about an injury." *Rafferty*, 760 A.2d at 160; *see also E.E.O.C. v. Avecia, Inc.*, 151 F. App'x 162 (3d Cir. 2005). This Court has no jurisdiction over Plaintiff's claims of injury while in the employ of Davis Young. The exclusive remedy for Plaintiff's work related claims lies under the Delaware Workers' Compensation Act. *See* 19 Del. C. §§ 2301-2391.

In addition, it does not appear that there is diversity jurisdiction. The Complaint states that Plaintiff and Defendants Davis Young and the State of Delaware Department of Labor are citizens of the State of Delaware. Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a)(1) (for diversity jurisdiction the matter

2

in controversy must be between citizens of different States).  Accordingly, the Court

lacks subject matter jurisdiction over this matter.

    For the above reasons, the Court will dismiss the Complaint for lack of subject

matter jurisdiction.  Amendment is futile.

    An appropriate order will be entered.